931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven R. DEWITT, Defendant-Appellant.
 No. 90-3276.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is an appeal from the denial of defendant's motion for a writ of error coram nobis, the remedy of "last resort." D. Wilkes, Federal and State Postconviction Remedies and Relief Sec. 6-5, at 102 (1987). The defendant claimed that at his trial no blacks were in his jury venire in violation of the equal protection clause and his "right ... to a fairly [sic] representation of a cross-section of the community." Petitioner[']s Motion for Writ of Error Coram Nobis at 2. Defendant did not raise this objection at trial or on direct appeal, but subsequently did claim it under 28 U.S.C. Sec. 2255. In that proceeding the court ruled against his claim.
 
 
 3
 The district court in this case denied the writ for several reasons. First the court found that "coram nobis is unnecessary, and will not lie, if the defendant has a remedy available under 28 U.S.C. Sec. 2255. Adam v. United States, 274 F.2d [880, 882] (10th Cir.1960)." Dist.Ct. Order at 2. Second, the court held that "[a]n issue that has been resolved against the defendant on a Sec. 2255 motion cannot be relitigated on a coram nobis application in the absence of new credible evidence or a change in the law," and that neither exception applied to this case. Id. Finally, the district court correctly pointed out that the defendant was not "entitled to coram nobis relief" because "[t]he defendant's objection to the jury panel is too late. Davis v. United States, 411 U.S. 233 (1973)." Id.
 
 
 4
 We see no error in these conclusions as applied to this case. Indeed, any one of them would serve to bar the defendant from the relief he seeks. We note, however, that on appeal defendant raises the issue of whether the failure to object to the racial composition of the jury voir dire "was a mistake of his attorney...." Br. of Appellant at par. 4. Respondent avers that although "defendant ... suggests that he was denied effective assistance of counsel[,] [t]his issue, was raised for the first time in defendant's [present] appeal, and therefore is not properly before this Court." Br. of Appellee at 2. We agree that the claim of ineffective assistance of counsel based on petitioner's attorney's failure to object to the voir dire's racial composition was not raised below and therefore we cannot consider that claim on this appeal. Any such claim must be brought in a new Sec. 2255 action.
 
 
 5
 We AFFIRM the district court's denial of defendant's motion for writ of error coram nobis and DENY defendant's request for appointed counsel on appeal. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3